UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ARON DANTZIG, | : | No. 16 Civ. 07097 (LLS) |
| | : | |
| Plaintiff, | : | |
| | : | **ANSWER TO FIRST** |
| -against- | : | **AMENDED COMPLAINT** |
| | : | |
| ORIX AM HOLDINGS, LLC, ORIX ASSET | : | |
| MANAGEMENT, LLC, ORIX AM | : | |
| INVESTMENTS, LLC, ORIX GAM, LLC (f/k/a | : | |
| ORIX USA ASSET MANAGEMENT, LLC), | : | |
| ORIX CORPORATION, and ORIX USA | : | |
| CORPORATION, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| NEW HEALTH CAPITAL PARTNERS GP LLC; | : | |
| NEW HEALTH CAPITAL PARTNERS | : | |
| MANAGEMENT LP; NEW HEALTH CAPITAL | : | |
| PARTNERS MANAGEMENT GP LLC, and NEW | : | |
| HEALTH CAPITAL PARTNERS FUND I, LLC, | : | |
| | : | |
| Nominal Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Nominal Defendants New Health Capital Partners GP, LLC, New Health Capital Partners

Management, LP, New Health Capital Partners Management GP, LLC, and New Health Capital

Partners Fund I, LLC ("Fund I") answer the First Amended Verified Complaint (the "FAC") in

this action as follows:

## NATURE OF THE ACTION

1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1, except admit only that paragraph 1 purports to set forth the nature of

Plaintiff's claims in this action.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

## JURISDICTION AND VENUE

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, except admit only that Defendants removed this action to this court, and respectfully refer all questions of law to the Court.

## PARTIES

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     In response to paragraph 17, admit only that the paragraph sets forth an abbreviation used in the FAC to refer to the Defendants.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     Deny the allegations of paragraph 19, except admit only that New Health Capital Partners GP, LLC is a Delaware limited liability company that at one time had a principal place of business at the stated address and that Plaintiff owns certain interests in New Health Capital Partners GP, LLC and has been sent certain tax and other information concerning the entity.

20.     Deny the allegations of paragraph 20, except admit only that New Health Capital Partners Management, LP is a Delaware limited partnership that at one time had a principal place of business at the stated address and that Plaintiff owns certain interests in New Health Capital Partners Management, LP and has been sent certain tax and other information concerning the entity.

21.     Deny the allegations of paragraph 21, except admit only that New Health Capital Partners Management GP, LLC is a Delaware limited liability company that at one time had a principal place of business at the stated address and that Plaintiff owns certain interests in New Health Capital Partners Management GP, LLC and has been sent certain tax and other information concerning the entity.

22.     In response to paragraph 22, admit that New Health Capital Partners Fund I, LLC is a Delaware limited liability company that at one time had a principal place of business at the stated address.

23.     In response to paragraph 23, admit only that the paragraph sets forth an abbreviation used in the FAC to refer to the Nominal Defendants, and state that the use of the abbreviation "NHCP" to refer collectively to Nominal Defendants prevents Nominal Defendants from determining the specific Nominal Defendants to which certain allegations of the FAC pertain.

24.     Deny the allegations of paragraph 24 insofar as they relate to the Nominal Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, except admit only that Nominal Defendants have been named in this action, and respectfully refer all questions of law to the Court.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, except admit only that Exhibit A to the FAC consists of the referenced chart, and respectfully refer the Court to the originals of the agreements referenced in Exhibit A with regard to the contents thereof.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

**FACTS**

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

37.     Admit the allegations of paragraph 37.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, except admit only that Fund I made three investments.

39.     Admit the allegations of paragraph 39.

40.     Admit the allegations of paragraph 40.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42, except admit only that New Health Capital Partners Management LP was the investment manager of New Health SBI Co-Invest LLC, and respectfully refer the Court to the original of the referenced agreement with regard to the contents thereof.

43.     Deny the allegations of paragraph 43 and respectfully refer the Court to the original of the referenced agreement with regard to the contents thereof.

44.     Deny the allegations of paragraph 44 insofar as they relate to the Nominal Defendants and otherwise deny knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 44, respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and respectfully refer the Court to the original of the referenced agreement with regard to the contents thereof.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, except admit only that Exhibit C to the FAC purports to contain the referenced email chain, and respectfully refer the Court to an authenticated copy of the referenced email chain with regard to the contents thereof.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78, except admit only that plaintiff was an employee of New Health Capital Management, LP until January 11, 2014, and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and respectfully refer the Court to the original of the referenced agreement with regard to the contents thereof.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

## DAMAGE TO DANTZIG

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92, except admit only that plaintiff owns certain interests in New Health Capital Partners Management LP, New Health Capital Partners Management GP, LLC, and New Health Capital Partners GP LLC and that Plaintiff has been sent certain tax and other information concerning those entities.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and respectfully refer the Court to the originals of the referenced agreements with regard to the contents thereof.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and respectfully refer the Court to the originals of the referenced agreement with regard to the contents thereof.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (Against All Defendants)

98.     State that no response by Nominal Defendants to paragraph 98 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.[1]  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 97 with the same force and effect as if set forth fully herein.

99.     State that no response by Nominal Defendants to paragraph 99 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99.

100.    State that no response by Nominal Defendants to paragraph 100 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

---

[1] The Nominal Defendants are not included in the definition of "Defendants" in the FAC.

101.    State that no response by Nominal Defendants to paragraph 101 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101.

102.    State that no response by Nominal Defendants to paragraph 102 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102.

103.    State that no response by Nominal Defendants to paragraph 103 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104.    State that no response by Nominal Defendants to paragraph 104 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104.

105.    State that no response by Nominal Defendants to paragraph 105 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105.

106.    State that no response by Nominal Defendants to paragraph 106 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the

extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106.

107.     State that no response by Nominal Defendants to paragraph 107 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107.

108.     State that no response by Nominal Defendants to paragraph 108 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108.

109.     State that no response by Nominal Defendants to paragraph 109 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109.

110.     State that no response by Nominal Defendants to paragraph 110 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110.

111.     State that no response by Nominal Defendants to paragraph 111 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111.

112.     State that no response by Nominal Defendants to paragraph 112 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112, except admit only that plaintiff was an employee of New Health Capital Management, LP until January 11, 2014.

113.     State that no response by Nominal Defendants to paragraph 113 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113.

114.     State that no response by Nominal Defendants to paragraph 114 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114.

115.     State that no response by Nominal Defendants to paragraph 115 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115.

116.     State that no response by Nominal Defendants to paragraph 116 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116.

117.     State that no response by Nominal Defendants to paragraph 117 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the

extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117.

118.    State that no response by Nominal Defendants to paragraph 118 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118.

119.    State that no response by Nominal Defendants to paragraph 119 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119.

120.    State that no response by Nominal Defendants to paragraph 120 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120.

121.    State that no response by Nominal Defendants to paragraph 121 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121.

122.    State that no response by Nominal Defendants to paragraph 122 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122.

123. State that no response by Nominal Defendants to paragraph 123 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants. To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123.

124. State that no response by Nominal Defendants to paragraph 124 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants. To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124.

125. State that no response by Nominal Defendants to paragraph 125 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants. To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125.

126. State that no response by Nominal Defendants to paragraph 126 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants. To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126.

127. State that no response by Nominal Defendants to paragraph 127 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants. To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127.

128. State that no response by Nominal Defendants to paragraph 128 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants. To the

extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128.

129.     State that no response by Nominal Defendants to paragraph 129 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129.

130.     State that no response by Nominal Defendants to paragraph 130 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130.

131.     State that no response by Nominal Defendants to paragraph 131 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131.

132.     State that no response by Nominal Defendants to paragraph 132 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132.

133.     State that no response by Nominal Defendants to paragraph 133 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133.

134.     State that no response by Nominal Defendants to paragraph 134 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134.

135.     State that no response by Nominal Defendants to paragraph 135 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135.

136.     State that no response by Nominal Defendants to paragraph 136 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136.

137.     State that no response by Nominal Defendants to paragraph 137 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137.

138.     State that no response by Nominal Defendants to paragraph 138 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138.

139.     State that no response by Nominal Defendants to paragraph 139 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the

extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139.

140.    State that no response by Nominal Defendants to paragraph 140 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140.

141.    State that no response by Nominal Defendants to paragraph 141 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141.

142.    State that no response by Nominal Defendants to paragraph 142 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142.

143.    State that no response by Nominal Defendants to paragraph 143 is required because Plaintiff's First Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143.

## SECOND CAUSE OF ACTION – INDUCING BREACH OF CONTRACT
### (Against Defendants ORIX Asset Management, LLC, ORIX GAM, LLC, ORIX Corporation, and ORIX USA Corporation)

144.    State that no response by Nominal Defendants to paragraph 144 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 143 with the same force and effect as if set forth fully herein.

145.     State that no response by Nominal Defendants to paragraph 145 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 145.

146.     State that no response by Nominal Defendants to paragraph 146 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146.

147.     State that no response by Nominal Defendants to paragraph 147 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147.

148.     State that no response by Nominal Defendants to paragraph 148 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148.

149.     State that no response by Nominal Defendants to paragraph 149 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149.

150.     State that no response by Nominal Defendants to paragraph 150 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the

extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150.

151.    State that no response by Nominal Defendants to paragraph 151 is required because Plaintiff's Second Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151.

<u>**THIRD CAUSE OF ACTION –BREACH OF IMPLIED COVENANT**</u>
<u>**OF GOOD FAITH AND FAIR DEALING**</u>
<u>**(Against All Defendants)**</u>

152.    State that no response by Nominal Defendants to paragraph 152 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 151 with the same force and effect as if set forth fully herein.

153.    State that no response by Nominal Defendants to paragraph 153 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153.

154.    State that no response by Nominal Defendants to paragraph 154 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154.

155.    State that no response by Nominal Defendants to paragraph 155 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155.

156.     State that no response by Nominal Defendants to paragraph 156 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156.

157.     State that no response by Nominal Defendants to paragraph 157 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157.

158.     State that no response by Nominal Defendants to paragraph 158 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158.

159.     State that no response by Nominal Defendants to paragraph 159 is required because Plaintiff's Third Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159.

### FOURTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH BAXTER NON-COMPETE AGREEMENT (Against All Defendants)

160.     State that no response by Nominal Defendants to paragraph 160 is required because Plaintiff's Fourth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 159 with the same force and effect as if set forth fully herein.

161.     State that no response by Nominal Defendants to paragraph 161 is required because Plaintiff's Fourth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161.

162.     State that no response by Nominal Defendants to paragraph 162 is required because Plaintiff's Fourth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162.

163.     State that no response by Nominal Defendants to paragraph 163 is required because Plaintiff's Fourth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163.

164.     State that no response by Nominal Defendants to paragraph 164 is required because Plaintiff's Fourth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164.

165.     State that no response by Nominal Defendants to paragraph 165 is required because Plaintiff's Fourth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165.

**FIFTH CAUSE OF ACTION – TORTIOUS INTERFERENCE**
**WITH THE SBI CO-INVESTMENT**
**(Against All Defendants)**

166.     State that no response by Nominal Defendants to paragraph 166 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 165 with the same force and effect as if set forth fully herein.

167.     State that no response by Nominal Defendants to paragraph 167 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167.

168.     State that no response by Nominal Defendants to paragraph 168 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168.

169.     State that no response by Nominal Defendants to paragraph 169 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169.

170.     State that no response by Nominal Defendants to paragraph 170 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170.

171.     State that no response by Nominal Defendants to paragraph 171 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171.

172.     State that no response by Nominal Defendants to paragraph 172 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172.

173.     State that no response by Nominal Defendants to paragraph 173 is required because Plaintiff's Fifth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173.

**SIXTH CAUSE OF ACTION – TORTIOUS INTERFERENCE
WITH PROSPECTIVE ECONOMIC ADVANTAGE
(Against All Defendants)**

174.     State that no response by Nominal Defendants to paragraph 174 is required because Plaintiff's Sixth Cause of Action has been dismissed by the Court, and was not asserted

against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 173 with the same force and effect as if set forth fully herein.

175.    State that no response by Nominal Defendants to paragraph 175 is required because Plaintiff's Sixth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175.

176.    State that no response by Nominal Defendants to paragraph 176 is required because Plaintiff's Sixth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176.

177.    State that no response by Nominal Defendants to paragraph 177 is required because Plaintiff's Sixth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177.

178.    State that no response by Nominal Defendants to paragraph 178 is required because Plaintiff's Sixth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178.

179.    State that no response by Nominal Defendants to paragraph 179 is required because Plaintiff's Sixth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179.

180.    State that no response by Nominal Defendants to paragraph 180 is required because Plaintiff's Sixth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 180.

### SEVENTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY
### (Against Defendants ORIX AM Holdings, LLC, ORIX Asset Management, LLC, ORIX AM Investments, LLC, ORIX GAM, LLC and ORIX USA Corporation)

181.    State that no response by Nominal Defendants to paragraph 181 is required because Plaintiff's Seventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 180 with the same force and effect as if set forth fully herein.

182.    State that no response by Nominal Defendants to paragraph 182 is required because Plaintiff's Seventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182.

183.    State that no response by Nominal Defendants to paragraph 183 is required because Plaintiff's Seventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 183.

184.    State that no response by Nominal Defendants to paragraph 184 is required because Plaintiff's Seventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 184.

185.    State that no response by Nominal Defendants to paragraph 185 is required because Plaintiff's Seventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 185.

## EIGHTH CAUSE OF ACTION – QUANTUM MERUIT
### (Against All Defendants)

186.    State that no response by Nominal Defendants to paragraph 186 is required because Plaintiff's Eighth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 185 with the same force and effect as if set forth fully herein.

187.    State that no response by Nominal Defendants to paragraph 187 is required because Plaintiff's Eighth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187.

188.    State that no response by Nominal Defendants to paragraph 188 is required because Plaintiff's Eighth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188.

189.    State that no response by Nominal Defendants to paragraph 189 is required because Plaintiff's Eighth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189.

190.    State that no response by Nominal Defendants to paragraph 190 is required because Plaintiff's Eighth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 190.

## NINTH CAUSE OF ACTION – UNJUST ENRICHMENT
### (Against All Defendants)

191.    State that no response by Nominal Defendants to paragraph 191 is required because Plaintiff's Ninth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 190 with the same force and effect as if set forth fully herein.

192.    State that no response by Nominal Defendants to paragraph 192 is required because Plaintiff's Ninth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192.

193.    State that no response by Nominal Defendants to paragraph 193 is required because Plaintiff's Ninth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193.

194.    State that no response by Nominal Defendants to paragraph 194 is required because Plaintiff's Ninth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194.

195.    State that no response by Nominal Defendants to paragraph 195 is required because Plaintiff's Ninth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195.

### TENTH CAUSE OF ACTION – CONSTRUCTIVE TRUST
### (Against Defendant ORIX AM Investments, LLC)

196.    State that no response by Nominal Defendants to paragraph 196 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 195 with the same force and effect as if set forth fully herein.

197.    State that no response by Nominal Defendants to paragraph 197 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted

against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197.

198.    State that no response by Nominal Defendants to paragraph 198 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198.

199.    State that no response by Nominal Defendants to paragraph 199 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 199.

200.    State that no response by Nominal Defendants to paragraph 200 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200.

201.    State that no response by Nominal Defendants to paragraph 201 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201.

202.    State that no response by Nominal Defendants to paragraph 202 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202.

203.    State that no response by Nominal Defendants to paragraph 203 is required because Plaintiff's Tenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203.

## ELEVENTH CAUSE OF ACTION –DERIVATIVE CLAIM FOR BREACH OF CONTRACT AND INDUCING BREACH OF CONTRACT
### (Against the ORIX Defendants)

204.    State that no response by Nominal Defendants to paragraph 204 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 203 with the same force and effect as if set forth fully herein.

205.    State that no response by Nominal Defendants to paragraph 205 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205.

206.    State that no response by Nominal Defendants to paragraph 206 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206.

207.    State that no response by Nominal Defendants to paragraph 207 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207.

208.    State that no response by Nominal Defendants to paragraph 208 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 208.

209.    State that no response by Nominal Defendants to paragraph 209 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 209.

210.    State that no response by Nominal Defendants to paragraph 210 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210, except admit only that plaintiff owns certain interests in New Health Capital Partners Management LP, New Health Capital Partners Management GP, LLC, and New Health Capital Partners GP LLC.

211.    State that no response by Nominal Defendants to paragraph 211 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 211.

212.     State that no response by Nominal Defendants to paragraph 212 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212.

213.     State that no response by Nominal Defendants to paragraph 213 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 213.

214.     State that no response by Nominal Defendants to paragraph 214 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 214.

215.     State that no response by Nominal Defendants to paragraph 215 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215.

216.     State that no response by Nominal Defendants to paragraph 216 is required because Plaintiff's Eleventh Cause of Action is not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216.

## TWELFTH CAUSE OF ACTION – DERIVATIVE CLAIM FOR TORTIOUS INTERFERENCE WITH BAXTER NON-COMPETE AGREEMENT (Against the ORIX Defendants)

217.     State that no response by Nominal Defendants to paragraph 217 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not

asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 216 with the same force and effect as if set forth fully herein.

218.    State that no response by Nominal Defendants to paragraph 218 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218.

219.    State that no response by Nominal Defendants to paragraph 219 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 219.

220.    State that no response by Nominal Defendants to paragraph 220 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 220.

221.    State that no response by Nominal Defendants to paragraph 221 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 221.

222.     State that no response by Nominal Defendants to paragraph 222 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 222.

223.     State that no response by Nominal Defendants to paragraph 223 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 223.

224.     State that no response by Nominal Defendants to paragraph 224 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 224.

225.     State that no response by Nominal Defendants to paragraph 225 is required because Plaintiff's Twelfth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 225.

## THIRTEENTH CAUSE OF ACTION – DERIVATIVE CLAIM FOR TORTIOUS INTERFERENCE WITH THE SBI CO-INVESTMENT (Against the ORIX Defendants)

226.     State that no response by Nominal Defendants to paragraph 226 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not

asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants repeat and reallege their responses to paragraphs 1 through 225 with the same force and effect as if set forth fully herein.

227.    State that no response by Nominal Defendants to paragraph 227 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227.

228.    State that no response by Nominal Defendants to paragraph 228 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 228.

229.    State that no response by Nominal Defendants to paragraph 229 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 229.

230.    State that no response by Nominal Defendants to paragraph 230 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230.

231.     State that no response by Nominal Defendants to paragraph 231 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 231.

232.     State that no response by Nominal Defendants to paragraph 232 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232.

233.     State that no response by Nominal Defendants to paragraph 233 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233.

234.     State that no response by Nominal Defendants to paragraph 234 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234.

235.     State that no response by Nominal Defendants to paragraph 235 is required because Plaintiff's Thirteenth Cause of Action has been dismissed by the Court, and was not asserted against Nominal Defendants.  To the extent a response is required, Nominal Defendants

deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235.

## PLAINTIFF'S JURY DEMAND

236.    In response to paragraph 236, deny that plaintiff is entitled to a jury trial, and respectfully refer all questions of law to the Court.

## AFFIRMATIVE DEFENSES

By setting forth any matter as an affirmative defense, Nominal Defendants do not assume the burden of proving any matter upon which Plaintiff, the Defendants, or others bear the burden of proof under applicable law

## FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The FAC is barred in whole or in part by the doctrines of unclean hands and inequitable conduct.

## THIRD AFFIRMATIVE DEFENSE

The FAC is barred in whole or in part by the doctrines of waiver, estoppel, and/or ratification.

## FOURTH AFFIRMATIVE DEFENSE

The FAC is barred in whole or in part by the faithless servant doctrine.

## FIFTH AFFIRMATIVE DEFENSE

The FAC is barred in whole or in part by the business judgment rule.

## SIXTH AFFIRMATIVE DEFENSE

The FAC is barred in whole or in part by the doctrine of prior material breach.

## SEVENTH AFFIRMATIVE DEFENSE

The FAC is barred in whole or in part by the doctrines of setoff and/or recoupment.

## ADDITIONAL DEFENSES

Nominal Defendants respectfully requests leave to assert additional defenses which they deem necessary to their defense during or upon conclusion of their investigation and discovery of Plaintiff's claims.

**WHEREFORE**, Nominal Defendants respectfully requests judgment as follows:

A.      Dismissing the FAC with prejudice as against Nominal Defendants;

B.      Awarding Nominal Defendants their costs, expenses, and disbursements in this action, including reasonable attorneys' fees, and

C.      Granting Nominal Defendants such other and further relief as to this Court deems just and proper.

Dated:  New York, New York
        December 8, 2017

                                        *s/Andrew C. Levitt*
                                        Robert A. O'Hare Jr.
                                        Andrew C. Levitt
                                        O'HARE PARNAGIAN LLP
                                        82 Wall Street, Suite 300
                                        New York, NY 10005
                                        (212) 425-1401
                                        rohare@ohareparnagian.com
                                        alevitt@ohareparnagian.com

                                        *Attorneys for Nominal Defendants*